UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

Stephen Bain,                    :
        Plaintiff,               :
                                 :
    v.                           :     File No. 2:06-CV-141
                                 :
Windham County Sheriff,          :
Vermont State Police,            :
Brattleboro Police               :
Department, Windham County       :
States Attorney,                 :
        Defendants.              :

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
(Paper 1)

Plaintiff Stephen Bain brings this action claiming that he has been wrongfully detained and convicted in Vermont state court.  Specifically, Bain alleges that police entered his home and obtained evidence without a warrant, thereby violating his constitutional rights and tainting all evidence seized in the course of the alleged searches.  For relief, Bain asks the Court to enjoin his state court sentencing, and to award him "damages or relief the Honorable Court might deem just, equitable, or appropriate to further the ends of justice."

In commencing this action, Bain has moved the Court for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 (Paper 1), and has submitted an affidavit that makes the showing required by § 1915(a).

Accordingly, the request to proceed *in forma pauperis* is GRANTED.  28 U.S.C. § 1915(a).  However, for the reasons set forth below, I recommend that Bain's complaint be DISMISSED without prejudice.

<u>Factual Background</u>

For purposes of this Report and Recommendation, the facts alleged in Bain's proposed complaint will be accepted as true.  Bain was arrested at his residence in Putney, Vermont on May 22, 2003, allegedly "without probable cause or authority of law."  After his arrest, members of the Windham County Sheriff's Department and the Vermont State Police entered Bain's residence and his family's farm.  The entry was without a warrant, and "[t]here was no emergency or mitigating circumstances that existed that would permit law enforcement, legal entry into said residence without proper authorization of a Magistrate or Judge."

On May 23, 2003, law enforcement officials applied for a search warrant.  "This warrant was tainted by law enforcement's activities the prior day.  There was no probable cause to issue the warrant, nor was full disclosure made to Judge Carroll about the activities of

2

law enforcement the prior day." After the state court granted the warrant, police again searched Bain's property. Bain argues that the search "expanded" the warrant, and that the fruits of this search were tainted by the officers' unconstitutional conduct.

Bain further claims that prosecutors in Windham County failed to adequately investigate his claims of police misconduct. "They either did not make a complete enough investigation into the actions of law enforcement, or are purposely colluding with law enforcement to obstruct justice." He also accuses prosecutors of withholding discovery, manufacturing evidence, and tampering with witnesses. Finally, Bain accuses the state trial court of siding with the prosecution: "Sadly, the Windham District Court, by overlooking the obvious in this case, is not only giving the appearance of endorsing this illegal behavior, they have become part of the scheme."

Bain was convicted after a jury trial. He reports that his sentencing was scheduled for July 25, 2006. Bain asks the Court to "[o]rder a Stay of State Court proceedings in the foregoing criminal matter, prior to

the July 25th 2006 hearing."  He also seeks appointed counsel, discovery, and damages.

<u>Discussion</u>

When a court grants an application to proceed *in forma pauperis*, 28 U.S.C. § 1915 mandates that the court conduct an initial screening to ensure that the complaint has a legal basis.  <u>See</u> 28 U.S.C. §§ 1915(e)(2), 1915A(a).  A court must dismiss the complaint *sua sponte* prior to ordering the issuance and service of process if it determines that the allegations of poverty are untrue or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  In addition, a judicial screening provision which applies to any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" requires a court to dismiss the complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b).

4

I.   Preliminary Injunction

      Here, Bain is claiming that his constitutional
rights were violated in the course of his arrest,
subsequent searches of his home, and ultimately his
conviction.  His first request is for a preliminary
injunction halting his state court criminal proceeding.
As set forth below, federal courts generally do not
interfere with ongoing state court proceedings.
Consequently, the Court should deny Bain's motion for a
preliminary injunction.

      Interests of federalism and comity stand behind the
"fundamental policy against federal interference with
state criminal prosecutions." Younger v. Harris, 401
U.S. 37, 46 (1971).  In Younger, the Supreme Court held
that federal courts must abstain from enjoining ongoing
state court criminal proceedings, except in specific and
very narrow circumstances. Id. at 45.  Younger
abstention is appropriate when (1) there is a state court
proceeding pending at the time of the commencement of the
federal litigation; (2) an important state interest is
implicated; and (3) "the plaintiff has an avenue open for
review of constitutional claims in state court." Hansel

v. Town Court for the Town of Springfield, 56 F.3d 391,
393 (2d Cir. 1995).

All three of these requirements have been met in
this case.  First, Bain's criminal proceeding was pending
in state court at the time of filing.  With respect to
the second requirement, "it is axiomatic that a state's
interest in the administration of criminal justice within
its borders is an important one."  Hansel, 56 F.3d at 363
(citing Middlesex County Ethics Comm'n v. Garden State
Bar Ass'n, 457 U.S. 423, 432 (1982)).  As to the third
requirement, it is clear that Bain may submit federal
constitutional claims in the course of his state court
proceeding.  See, e.g., State v. Pontbriand, 178 Vt. 120
(2005).

"[U]nless state law clearly bars the interposition
of the constitutional [or federal] claims," and "so long
as there is no showing of bad faith, harassment, or some
other extraordinary circumstance that would make
abstention inappropriate, the federal courts should
abstain."  Middlesex County Ethics Comm'n, 457 U.S. at
432, 435; Younger, 401 U.S. at 54 (exceptions to
abstention should be made only on a "showing of bad

6

faith, harassment, or . . . other unusual circumstance");
Kirschner v. Klemons, 225 F.3d 227, 233-34 (2d Cir.
2000).  Here, Bain claims misconduct by police and
prosecutors.  These allegations may be raised in state
court, and are not so "extraordinary" that they overcome
the general rule of abstention.  See, e.g., Smalls v.
Doe, 2006 WL 270253, at *2 (E.D.N.Y. Feb. 1, 2006)
("plaintiff is free to raise his claims of false arrest
and malicious prosecution in the pending criminal
proceedings").  His claims of bias and conspiracy on the
part of the lower court are conclusory, and are therefore
insufficient.  See Kirschner, 225 F.3d at 236 ("Mere
conclusory allegations of bias are insufficient to
overcome Younger - a plaintiff seeking to avoid Younger
must affirmatively demonstrate the justification for
application of an exception.").  Furthermore, each of the
lower court's determinations may be presented to the
Vermont Supreme Court.  See Middlesex County Ethics
Comm'n, 457 U.S. at 437 (availability of further judicial
review before the state's highest court triggered
mandatory abstention under Younger).  For these reasons,
I recommend that Bain's request for a preliminary

7

injunction halting his state court criminal proceeding be DENIED.

## II.   Damages Claim

Bain is also seeking damages.  In Heck v. Humphrey, 512 U.S. 477, 489-90 (1994), the Supreme Court held that "a § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated." In other words, in order to recover damages for an allegedly unconstitutional conviction or imprisonment, a plaintiff claiming unconstitutional conduct must prove that his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.  See Heck, 512 U.S. at 486-87; Amaker v. Weiner, 179 F.3d 48, 51 (2d Cir. 1999); Covington v. City of New York, 171 F.3d 117, 121 (2d Cir 1999).  Until such a showing is made, a plaintiff may not assert a claim that would undermine the validity of his conviction.  See Heck, 512 U.S. at 487.

Bain's claim fits squarely within the Heck

decision's holding.  If the Court were to find either that his arrest was illegal or that his conviction was based upon unconstitutionally obtained evidence, the validity of Bain's state court conviction would be called into question.  Because Bain does not allege that his conviction has been reversed, expunged, declared invalid, or called into question, his complaint should be DISMISSED without prejudice.[1]

Conclusion

For the reasons set forth above, Bain's motion to proceed *in forma pauperis* (Paper 1) is GRANTED.  I recommend, however, that Bain's complaint be DISMISSED without prejudice, and that his accompanying motions be DENIED as moot.

Dated at Burlington, in the District of Vermont, this 9th day of August, 2006.


/s/ Jerome J. Niedermeier
Jerome J. Niedermeier
United States Magistrate Judge

---

[1]  In addition to this action, Bain has filed a petition pursuant 28 U.S.C. § 2254 in which he is challenging his conviction.  See Bain v. Hoffman, File No. 2:06-CV-59.  Bain's § 2254 petition is currently pending.

Any party may object to this Report and Recommendation within 10 days after service by filing with the clerk of the court and serving on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  Failure to file objections within the specified time waives the right to appeal the District Court's order.  See Local Rules 72.1, 72.3, 73.1; 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b), 6(a) and 6(e).